# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3172

_____

United States of America

*Plaintiff - Appellee*

v.

Kirby Johnson

*Defendant - Appellant*

_____

No. 12-3173

_____

United States of America

*Plaintiff - Appellee*

v.

Cory Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 11, 2013
Filed:  March 15, 2013
[Unpublished]
_____

_____

Before LOKEN, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

In these consolidated direct criminal appeals, brothers Kirby and Cory Johnson appeal from the judgment of the District Court[1] denying their motion to suppress evidence.[2]  In addition, Kirby argues that the evidence was insufficient to convict him and that his sentence is unconstitutional and unreasonable.  We affirm.

Cory Johnson pleaded guilty to a charge of conspiracy to distribute cocaine base (crack cocaine), reserving the right to appeal the denial of his motion to suppress.  The District Court[3] sentenced him to 120 months in prison.  Kirby Johnson proceeded to trial on four crack cocaine counts, and the jury found him guilty of all charges.  The District Court[4] sentenced him to 210 months in prison on each of the four counts, with

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, adopting the Report and Recommendation of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

[2]Only Cory Johnson briefed this issue, but Kirby Johnson "joins in and hereby adopts by this reference" Cory Johnson's argument on the suppression issue.  Br. of Kirby Johnson at 18; see Fed. R. App. P. 28(i).

[3]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[4]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

the sentences to be served concurrently with each other but consecutively to an undischarged state sentence.

We first consider the brothers' contention that the District Court erred when it denied their motion to suppress evidence. We review constitutional questions relating to the denial of a motion to suppress de novo and the underlying factual findings for clear error. United States v. Hollins, 685 F.3d 703, 705 (8th Cir. 2012). The Johnsons sought suppression of evidence seized from their mother's apartment in Springfield, Missouri, on March 10, 2010. On that day, Patricia Franklin, the property manager of the apartment complex, entered the apartment leased to Cynthia Johnson for a routine quarterly inspection. She was accompanied by her assistant and two maintenance employees. As Franklin headed down the basement stairs, she "tripped and kicked a box" down the stairs. Tr. of Hr'g on Mot. to Suppress at 4. She then saw the contents of the box—"some marijuana, some little baggies, a scale and a white brick." Id. She testified that the brick was three to four inches wide and two inches thick. Id. at 10. Franklin also testified that she saw a bag of marijuana on the floor in the kitchen before she went to the basement. After observing the contents of the box, she asked one of the maintenance employees to call 911. Michael Lunsford was the first officer on the scene. He conducted a protective sweep of the residence, but did not search the apartment. He did collect the marijuana in plain sight in the kitchen and the open box and its contents. When the brick field-tested positive for crack cocaine, another officer secured a warrant to search the apartment, but no additional evidence was found. After criminal charges were brought against them, the brothers sought to have the contents of the box suppressed.

The Johnsons acknowledge that Franklin's private search frustrated their privacy interest in the box and its contents and that "Officers could reasonably recreate that search." Br. of Cory Johnson at 11. They argue, however, that Lunsford exceeded the scope of Franklin's private search and therefore violated their Fourth Amendment rights. See United States v. Jacobsen, 466 U.S. 109, 115 (1984) ("The

-3-

additional invasions of respondents' privacy by the Government agent must be tested by the degree to which they exceeded the scope of the private search."). In support of this contention, they point to Lunsford's testimony at the suppression hearing. The officer testified that Franklin did not mention a white brick to him when he arrived on the scene, although Franklin testified that she told Lunsford that "there was a lot of drugs in the box, you know, something along those lines." Tr. of Hr'g on Mot. to Suppress at 11. Lunsford said that in order to get to the brick to have it field tested, he had to remove it from a white plastic shopping bag and two additional bags. Cory's suggestion is that Lunsford exceeded the scope of Franklin's private search by removing the brick from a "closed container," the white plastic bag. Br. of Cory Johnson at 14. The District Court, while acknowledging that Franklin testified that she did not open any bags and did not recall telling Lunsford about the brick she had seen, nevertheless accepted as credible Franklin's testimony that she saw the brick—whose color and dimensions she described for the court—after she kicked the box down the stairs and before authorities were called. Report and Recommendation of Magistrate Judge at 7; Order Adopting Magistrate Judge's Report and Recommendation at 2. The factual finding that the court made consistent with that credibility determination—that the private search included the discovery of the brick of crack cocaine—is not clear error. See United States v. Williams, 521 F.3d 902, 908 (8th Cir. 2008) (determining that the district court's factual finding based on the credibility of a witness was not clear error and noting our deference to a district court's credibility determination). Lunsford's search thus did not exceed the scope of the private search, and we affirm the denial of the motion to suppress.[5]

---

[5]In its brief, the government argues that the brothers did not have a reasonable expectation of privacy in their mother's apartment sufficient to lodge a Fourth Amendment challenge to the seizure because they were not on the apartment lease and they did not live there. But the government did not raise this factual issue in the District Court, made "contrary assertions" in that court, and "acquiesced in contrary findings" by that court, so we will not now consider this argument. Steagald v. United States, 451 U.S. 204, 209 (1981).

In his separate brief, Kirby Johnson also argues that the District Court should have granted his motions for judgment of acquittal because the evidence was insufficient to convict him. We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict and giving the government the benefit of any reasonable inferences that may be drawn from the evidence. United States v. Maybee, 687 F.3d 1026, 1031–32 (8th Cir.), cert. denied, 133 S. Ct. 556 (2012).

The evidence here showed that an undercover officer purchased crack cocaine from Kirby Johnson on three occasions in June 2010. One of those transactions was audio recorded and the recording was played for the jury. All three transactions occurred within a quick walking distance of his mother's apartment, whose address he had given as his own when he was stopped by officers less than two weeks after the crack cocaine was found in the apartment. The large amount of crack cocaine seized from the apartment—one-half pound—suggests distribution rather than personal use. The brick of crack cocaine was in the same box as a digital scale and a box of plastic zipper bags, also suggesting distribution, and Kirby's fingerprints were on the box of zipper bags. Further, the government introduced evidence that Kirby had five previous convictions for possessing and trafficking controlled substances.

On appeal, Kirby's sufficiency argument is directed solely to his conviction on Count 2, possession with intent to distribute. He claims that "the evidence was undisputed that many different people had access" to his mother's apartment, where authorities found the large amount of crack cocaine that was the basis for that charge. Br. of Kirby Johnson at 19. He seems to suggest that the government's theory of constructive, rather than actual, possession cannot prove that charge, even while acknowledging that proof of constructive possession of a controlled substance is sufficient to sustain a conviction on a charge of possession with intent to distribute. See United States v. Cruz, 285 F.3d 692, 697 (8th Cir. 2002) ("We have held that an

individual has constructive possession of contraband if he has 'ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed.'" (citation to quoted case omitted)). We conclude that the evidence cited above is sufficient to prove that Kirby possessed crack cocaine with intent to distribute and that the District Court therefore did not err in denying Kirby's motion for judgment of acquittal on this charge.

As for his convictions on the three counts of crack-cocaine distribution, Kirby does not make a specific sufficiency argument, and he does not explain how the evidence fell short. Our own review of the record convinces us that the evidence presented at trial is more than enough to support those convictions. The District Court did not err in denying Kirby's motions for judgment of acquittal.

Finally, Kirby challenges the sentence the District Court imposed. Largely as a result of his extensive criminal history, the advisory U.S. Sentencing Guidelines range for Kirby was 168 to 210 months in prison. The District Court sentenced Kirby at the high end of the range to four concurrent 210-month sentences. After pronouncing sentence and remanding Kirby to the custody of the U.S. Marshals, but before court was recessed, Kirby's counsel told the court that Kirby wanted to clarify that the sentence was in fact 210 months on each of the four counts, including the three distribution counts. The District Court confirmed that understanding. When Kirby said, "Whoa," the court asked why that should bother Kirby, pointing out that it was less than the thirty-year statutory maximum for the distribution counts. Tr. of Sent. Hr'g for Kirby Johnson at 19. Kirby expressed his opinion that for "sales crimes, that's a lot of time." Id. at 20. The court explained that Kirby was "finally" in federal court and said, "[Y]ou and other defendants get these soft sentences from state court and you approach it like it's a workman's comp problem. You sell drugs until you get caught, then you go and do 120 days, get new contacts –." Id. Kirby responded, "I wouldn't have all this time if I was a snitch." Id. And the court said, "You're doing this time because you're a drug dealer." Id.

Kirby's sole contention in challenging his sentence is that the District Court's remarks quoted above constitute the court's "reasons for the 'high end' sentence imposed," and we "should consider" whether those reasons "are of the type which rebut the presumption of reasonableness" ordinarily accorded a within-Guidelines-range sentence. Br. of Kirby Johnson at 20, 21. Kirby appears to be arguing that the court committed procedural error that resulted in a substantively unreasonable sentence. We disagree.

Before making the remarks in question, the District Court—when it was actually sentencing Kirby—listed the 18 U.S.C. § 3553(a) sentencing factors and noted that the court considered them in determining the sentence. Specifically, the court mentioned Kirby's failure to accept any responsibility and his extensive criminal history. The court's post-sentencing remarks about Kirby's criminal history alluded to sentencing considerations that are not only permissible, but mandated by § 3553(a)—the seriousness of the offense and the need to provide just punishment, to promote respect for the law, to afford adequate deterrence, and to protect the public. The District Court did not commit procedural error and the within-Guidelines-range sentence is not unreasonable.

The judgments of the District Court in these consolidated appeals are affirmed in all respects.

_____